# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN E. MARTIN, | CASE NO. 1:19-CV-02394 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| DANIEL J. BENNETT, et al., | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

This matter comes before the Court upon the Motion for Remand of Plaintiff John E. Martin. (Doc. No. 14.) Defendants Daniel J. Bennett ("Bennet"), John Ball ("Ball"), and Village of Roaming Shores ("Roaming Shores") filed a brief in opposition on November 15, 2019, to which Plaintiff replied on November 22, 2019. (Doc. Nos. 15, 16.) For the following reasons, Plaintiff's Motion for Remand (Doc. No. 14) is DENIED.

## I. Background

Plaintiff filed this civil rights action in the Ashtabula County Court of Common Pleas on September 16, 2019 against Defendants Bennett, Ball, Roaming Shores, William Badell ("Badell"), and John Does No. 1-10. (Doc. No. 1-1.) While the case was pending in state court, Plaintiff did not serve or attempt to serve Defendant Badell. (*See* Doc. No. 15-1.)[1] On October 15, 2019, Defendants Bennett, Ball, and Roaming Shores joined in filing a Notice of Removal to this Court. (Doc. No. 1.)

---

[1] The Court may consider the docket from the state court proceedings, as a "district court has 'wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Dunson-Taylor v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 988, 991 (S.D. Ohio 2001) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Subsequently, on November 9, 2019, Plaintiff served Defendant Badell with the Summons and Complaint. (Doc. No. 13.)

On November 14, 2019, Plaintiff moved to remand this case to state court on the basis that removal was improper because Defendant Badell never consented to removal of the case to this Court. (Doc. No. 14.) Defendants Bennett, Ball, and Roaming Shores filed a brief in opposition to Plaintiff's Motion for Remand on November 15, 2019. (Doc. No. 15.) They contend that Defendant Badell was not required to join in or consent to the removal because he had not been served at the time the removal petition was filed. (*Id.* at 5-6.) Plaintiff then filed a reply in support of his Motion for Remand on November 22, 2019. (Doc. No. 16.)

**II.  Law and Analysis**

"[A] defendant seeking removal to federal court must obtain the consent of all other 'properly joined and served' defendants to ensure the motion is unanimous." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(2)(A)). "This requirement, otherwise known as the 'rule of unanimity,' ensures that all defendants have a say before a case involving their interests is removed from state court." *Id.* However, there is an exception to this general rule "when the non-joining defendant was not served with service of process at the time the removal petition was filed." *Underwood v. Ciena Health Care Mgmt., Inc.*, No. 08-11024, 2008 WL 1776961, at *1 (E.D. Mich. Apr. 17, 2008). Under this "well settled exception" to the rule of unanimity, defendants who are not served with process at the time of removal need not join in or consent to removal. *Yarborough v. BondCote Corp.*, No. 2:07-CV-05, 2008 WL 11452525, at *2 (E.D. Tenn. Mar. 25, 2008).

Indeed, courts in the Sixth Circuit have regularly found that removal was proper even though an unserved defendant did not join in the notice of removal. *E.g.*, *Underwood*, 2008 WL 1776961, at *1 (denying plaintiff's motion to remand even though a codefendant did not consent to removal because the codefendant "was not served at the time that Ciena sought removal"); *Yarborough*, 2008 WL 11452525, at *2 ("Defendants Tri-Technologies, Inc. and David Hirsch were clearly not served with process at the time of the notice of removal, nor were they otherwise joined in the action at the time, and their consent to removal was not required."); *Kralj v. Byers*, No. 4:06 CV 0368, 2006 WL 8449912, at *3 (N.D. Ohio Apr. 5, 2006) ("Byers was not served with a copy of the Amended Complaint at the time of removal, and, therefore, his consent to removal is excused.").

Likewise, here, Defendant Badell had not been served at the time that Defendants Bennett, Ball, and Roaming Shores sought removal. Defendants Bennett, Ball, and Roaming Shores filed their Notice of Removal on October 15, 2019, while Plaintiff did not complete service on Defendant Badell until November 9, 2019. (Doc. Nos. 1, 13.) Consequently, Defendant Badell's consent to removal was not required. Plaintiff argues that this exception to the rule of unanimity is inapplicable in this case because Defendant Badell was served prior to Plaintiff's Motion for Remand, but Plaintiff cites no authority that supports this argument. (Doc. No. 16 at 1-2.) Nor, as Plaintiff contends, is the application of this exception inequitable to later-served defendants (Doc. No. 14 at 2), as a defendant served after removal still has the right to seek remand. *See* 28 U.S.C. § 1448 ("This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."). Because Defendant Badell's consent to removal was not required, the Court finds that removal was proper.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Remand (Doc. No. 14) is DENIED.

**IT IS SO ORDERED.**

Date: December 4, 2019

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE